**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2821-18T3

JAMES ORSINI,

     Plaintiff-Respondent,

v.

KATHRYN ROST ORSINI,

     Defendant-Appellant.

_____

        Submitted February 12, 2020 – Decided March 5, 2020

        Before Judges Fuentes, Haas and Mayer.

        On appeal from the Superior Court of New Jersey,
        Chancery Division, Family Part, Bergen County,
        Docket FM-02-1742-13.

        Kathryn Rost Orsini, appellant pro se.

        Piro Zinna Cifelli Paris & Genitempo, LLC, attorneys
        for respondent (Frank J. Zinna and Alex A. Pastore,
        on the brief.)

PER CURIAM

In this post-judgment matrimonial appeal, defendant Kathryn Rost Orsini appeals from a February 8, 2019 order denying reconsideration of a December 18, 2018 order concerning custody and parenting time. We affirm substantially for the reasons stated by Judge Jane Gallina-Mecca in her oral opinion placed on the record on February 8, 2019.

We briefly summarize the facts relevant to defendant's appeal. The parties were divorced pursuant to a July 8, 2014 Dual Judgment of Divorce (DJOD). The DJOD incorporated the parties' Marital Settlement Agreement (MSA). The MSA included a shared parenting plan and shared custody regarding the parties' three minor children. After the DJOD, defendant relocated to Maryland, rendering a shared custody arrangement and parenting plan unworkable. Plaintiff James Orsini became the parent of primary residence (PPR).

Various Family Part judges conducted case conferences to resolve the parties' custody and parenting time issues. The efforts were unsuccessful, and a plenary hearing was scheduled to settle those issues.

In connection with the scheduled plenary hearing, the parties served discovery. To prepare for the hearing, plaintiff filed several motions seeking discovery from defendant. According to plaintiff, defendant's discovery responses were incomplete or deficient.

A-2821-18T3

Around this time period, defendant failed to return the children to New Jersey after exercising her parenting time. As a result, the judge suspended defendant's parenting time pending an evaluation by a psychologist.[1] Defendant declined to schedule the required psychological evaluation. Because defendant refused to provide court ordered discovery and participate in the evaluation, Judge Gallina-Mecca struck her pleadings without prejudice.

Based on defendant's non-compliance with court orders, plaintiff moved to terminate his child support obligation, strike defendant's pleadings with prejudice, declare a plenary hearing on the issues of custody and parenting time moot, and reaffirm his status as the parent of primary residence. Defendant did not file opposition to the motion despite being served with the motion papers. In a December 18, 2018 order and written statement of reasons, Judge Gallina-Mecca granted the relief sought by plaintiff.

Defendant filed a motion to reconsider the December 18, 2018 order. Judge Gallina-Mecca conducted oral argument,[2] and denied reconsideration in an oral decision placed on the record on February 8, 2019.

---

[1] The judge ordered both parties to submit to a psychological evaluation regarding their ability to parent the children.

[2] Defendant, who was self-represented at the reconsideration motion hearing, participated by telephone.

A-2821-18T3

On appeal, defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED IN REFUSING TO GRANT RECONSIDERATION OF HER ORDER OF DECEMBER 18, 2018 AND ENFORCE THE PARTIES['] MSA AND PARENTING AGREEMENT AND MODIFIED AGREEMENT.

POINT II

THE COURT ERRED IN ORDERING THAT RESPONDENT HAD THE DESIGNATION OF PPR WITHOUT A PLENARY HEARING.

POINT III

THE COURT ERRED IN ORDERING THAT THE APPELLANT COULD NOT PARENT HER CHILD PER THE PROVISIONS OF THE MSA UNLESS SHE BE THE FIRST TO SUBJECT HERSELF TO A PSYCHOLOGIST'S EVALUATION WHEN SHE ORDERED BOTH PARTIES TO HAVE AN EVALUATION BUT ALLOWED RESPONDENT FULL ACCESS AND PARENTING RIGHTS.

POINT IV

THE COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS FOR STRIKING APPELLANT'S PLEADINGS FOR ALLEGEDLY NOT PROVIDING RESPONDENT DISCOVERY.

POINT V

THE COURT ERRED IN DETERMINING THAT APPELLANT'S ISSUES PURSUED BEFORE JUDGE FIRKO WERE MOOT WHEN THE ISSUES WERE RIPE AND HAD BEEN PROPERLY PURSUED FOR MORE THAN A YEAR AND A HALF.

POINT VI

THE COURT ERRED IN ORDERING THAT THE RESPONDENT HAD THE DESIGNATION OF PPR, WITHOUT AN EVIDENTIARY HEARING, IN THE ABSENCE OF EXIGENT CIRCUMSTANCES.

POINT VII

THE BERGEN COURT JUDGES HAVE ENGAGED IN A PATTERN AND PRACTICE OF REWARDING THE FRIVOLOUS MOTIONS PRACTICE OF THE RESPONDENT'S ATTORNEY IN BLATANT DISREGARD OF THE MSA AND THE PARENTING AGREEMENT AND CONTRACTUAL MODIFICATION, THUS THE BERGEN COURTS['] AWARDS OF ATTORNEY['S] FEES AND COSTS ARE IN ERROR AND SHOULD BE VACATED.

The standard of review for denial of reconsideration is whether the trial court abused its discretion. Triffin v. Johnston, 359 N.J. Super. 543, 550 (App. Div. 2003). "Reconsideration itself is 'a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice[.]'" Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Reconsideration "should be utilized only for

those cases that fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. "[T]he magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Id. at 289. We will not disturb a judge's denial of a motion for reconsideration absent a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).

Here, defendant's motion failed to make the requisite showing for reconsideration in accordance with Rule 4:49-2. The judge rendered the December 18, 2018 decision based on evidence presented at that time. Defendant chose not to submit opposition to plaintiff's motion. Only after the judge issued the December 18, 2018 order did defendant seek to provide information to the court as part of a motion for reconsideration.

Reconsideration is properly denied when the application is based on unraised facts known to the party seeking reconsideration prior to the entry of the challenged order and "cannot be used to expand the record." Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). "A motion for reconsideration is designed to seek review of an order based on

the evidence before the court on the initial motion, R. 1:7-4, not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid. (citing Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)).

Defendant failed to articulate any new facts or matters overlooked or misapplied by Judge Gallina-Mecca or her predecessor judges. Defendant submitted "new" evidence in a belated and improper attempt to undo the December 18, 2018 order. After reviewing the record and considering the applicable legal standard, we affirm denial of defendant's motion for reconsideration for the reasons set forth in Judge Gallina-Mecca's February 8, 2019 oral decision.

We add only the following comment. Appellate courts review legal arguments addressed to claimed errors by trial courts. Criticism of trial judges who made rulings adverse to the party filing an appeal do not constitute proper appellate argument. A party's contention that a trial judge was unfair or biased "cannot be inferred from adverse rulings against a party." Strahan v. Strahan, 402 N.J. Super. 298, 318 (App. Div. 2008).

Defendant's certification in support of reconsideration criticized the Family Part judges who handled her matrimonial matter. Our review on appeal

is confined to the legal arguments presented. Based on the appellate record, defendant was accorded every opportunity to present evidence in support of her position regarding custody, child support, and parenting time. However, because defendant refused to provide full discovery, declined to submit to a parenting time evaluation, and failed to oppose plaintiff's motion related to the children, the Family Part judges lacked information necessary to review defendant's contentions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2821-18T3